IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

K.H., a minor, by and through his Guardian ad Litem MARTARICE HUMPHREY,

Plaintiff,

v.

ANTIOCH UNIFIED SCHOOL DISTRICT, a public entity; CATAPULT LEARNING WEST, LLC, a limited liability company dba Sierra School of Antioch; SAMUEL MCBRIDE, an individual; JONIQUE ANDREWS, an individual; STEVE NOSANCHUK, an individual; BRUNO DIAZ, an individual; CORY MOORE, an individual; RUTH RUBALCAVA, an individual; STEPHANIE ANELLO, an individual; and DOES 1 through 50, inclusive,

Defendants.

No. C 18-07716 WHA

**ORDER GRANTING IN PART AND DENYING IN PART LEAVE TO AMEND**

**INTRODUCTION**

In this civil rights action, plaintiff moves for leave to file an amended complaint. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

A previous order detailed the facts of this case (Dkt. No. 58). In brief, this action stems from one incident in which two teacher aid defendants allegedly used excessive force when restraining plaintiff, a student with special needs.

Plaintiff filed his first amended complaint alleging a host of federal and state claims against the teacher aid defendants (Samuel McBride and Jonique Andrews), the school district

(AUSD) and limited liability company (Catapult) that employed them, and other supervisory employees (Stephanie Anello, Ruth Rubalcava, Bruno Diaz, Cory Moore, and Steve Nosanchuk) (Dkt. No. 36). An order dated July 1 dismissed plaintiff's Section 1983 claims for unreasonable seizure as to Catapult, Diaz, Moore, Rubalcava, and Anello; barred part of plaintiff's Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, claims against AUSD for failure to allege administrative exhaustion under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412(a)(1)(A); and held the motion on state law claims in abeyance (Dkt. No. 58 at 9, 11, 13).

Plaintiff now seeks leave to amend the complaint (Dkt. No. 62). Plaintiff seeks to: (1) add Catapult as a defendant in the ADA and Section 504 claims; (2) add details regarding the contract between AUSD and Catapult to support Catapult's liability; and (3) allege IDEA exhaustion (Dkt. No. 62 at 2–3). Catapult, McBride, Andrews, Diaz, and Moore filed a notice of non-opposition (Dkt. No. 67). AUSD, Nosanchuk, Rubalcava, and Anello filed a response (Dkt. No. 68). In short, they argue that Anello and Rubalcava are no longer defendants in this action and that plaintiff's request to add allegations regarding IDEA exhaustion should be denied (*id.* at 1).

**ANALYSIS**

Rule 15(a)(2) permits a party to amend its pleadings with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The standard on a

motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Anello and Rubalcava oppose their inclusion in plaintiff's Section 1983 claim (Dkt. No. 68 at 2–3; *see* Dkt. No. 62, Exh. 1 ¶¶ 67–72). The order dated July 1 dismissed this claim against these defendants, because plaintiff had failed to allege facts sufficient to support the inference that Anello and Rubalcava personally participated in the allegedly unreasonable seizure (Dkt. No. 58 at 9). Plaintiff asserts that he left these two defendants in the complaint in order to preserve his right to appeal their dismissal (Dkt. No. 69 at 7). The proposed amended complaint does not allege any new facts as to Anello and Rubalcava's personal involvement in the seizure. Going forward, Anello and Rubalcava are removed as defendants under plaintiff's federal claims. These defendants may, however, still be liable under state law claims, which have yet to be ruled on (Dkt. No. 58 at 13).

On a different issue, AUSD opposes plaintiff's request to allege exhaustion of remedies available under the IDEA (Dkt. No. 68 at 3–4). In support of that argument, it cites *Tyler B. v. Antonio Elementary School District*, 253 F. Supp. 2d 1111, 1118 (N.D. Cal. 2003) (Judge James Ware), where the district court found that a student plaintiff had not exhausted administrative remedies under the IDEA. In *Tyler B.*, the plaintiff had scheduled a due process hearing as required by the IDEA, but the parties later agreed to cancel the hearing. *Id.* at 1117. The district court distinguished that case from *Porter v. Board of Trustees of Manhattan Beach*, 307 F.3d 1064, 1071 (9th Cir. 2002), where our court of appeals held that a plaintiff *had* exhausted administrative remedies available under the IDEA because a final order from a due process hearing had been issued. Because a final order had not been issued and the plaintiff voluntarily cancelled the hearing in *Tyler B.*, Judge Ware held that the administrative remedies available under the IDEA had not been exhausted. *Tyler B.*, 253 F. Supp. 2d at 1118.

Here, plaintiff proposes to allege that he scheduled a due process hearing, the parties subsequently resolved the dispute, and they cancelled the hearing (Dkt. No. 62, Exh. 1 ¶ 27). Plaintiff argues that this amounts to exhaustion of administrative remedies under the IDEA and cures the deficiency cited in the order dated July 1. This order disagrees and finds the decision

in *Tyler B.* persuasive because of the statutory language of the IDEA. Under the IDEA, "[a]ny party aggrieved by the findings and decision . . . shall have the right to bring a civil action . . . in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). Because the party has the right to bring an action in civil court when aggrieved by the findings and decision, it follows that there must have been a finding or a decision. Similarly, the Supreme Court has held that "[a]t *the conclusion* of any such hearing . . . the parents . . . may file a civil action in any state or federal court." *Honig v. Doe*, 484 U.S. 305, 312 (1988) (emphasis added). It follows that there must be a conclusion of a hearing in order to file a civil action. Therefore, this order finds that the parties' mutual resolution of the dispute resulting in the voluntary cancellation of the due process hearing falls far short from administrative exhaustion as provided by Section 1415 of the IDEA. Because these allegations would be subject to dismissal, plaintiff's amendment would be futile.

Plaintiff next contends that exhaustion of administrative remedies is an affirmative defense that can only be raised by the defendant on a summary-judgment motion with a full evidentiary record (Dkt. No. 69 at 2). Plaintiff argues that he "was not required to allege exhaustion and did so only to respond to the Court's initial ruling" (*id.* at 3). While that may be true, "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). In *McBride v. Lopez*, 807 F.3d 982, 985 (9th Cir. 2015), our court of appeals affirmed a district court's dismissal of a claim because the failure to exhaust was clear on the face of the complaint and the result would not be altered by further discovery. *See also* Vaughn *v. Hood*, 670 Fed. Appx. 962 (9th Cir. 2016).

Here, plaintiff's complaint regarding the school district's failure to find adequate alternative placement clearly addressed the denial of a free appropriate public education ("FAPE") and therefore implicated IDEA exhaustion (*see* Dkt. No. 58 at 11). Because the failure to allege exhaustion was clear on the face of the complaint, the claim fell in the category of a rare events described in *Albino* and thus was properly dismissed. In the present motion, no factual dispute exists. Rather, plaintiff's proposed factual allegations, taken as true, still do not

4

amount to administrative exhaustion. Therefore, the result would not be altered by further discovery. Since the standard for futility under a motion for leave to amend is the same as the standard on a motion to dismiss, this order finds that the amendment would be futile. *Miller*, 845 F.2d at 214.

Plaintiff next offers three reasons why he should be given a chance to address that exhaustion would be futile. This is a different standard of futility than that of a motion for leave to file an amended complaint. With respect to futility of exhaustion, our court of appeals has held that "parents may bypass the administrative process where exhaustion would be futile or inadequate." *Honig*, 484 U.S. at 327. *First*, plaintiff argues that exhaustion may be excused because he has a "placement with which he is satisfied and there is no remedy that the IDEA can provide to him at this point" (Dkt. No. 69 at 5). This order finds this argument unpersuasive as plaintiff claims that AUSD discriminated against him by failing to find him an adequate alternative placement. Such a claim simply does not stand when plaintiff admits himself that he is satisfied with his placement.

*Second*, plaintiff argues that the Office of Administrative Hearings ("OAH") lacks jurisdiction to hear ADA and Section 504 claims (Dkt. No. 69 at 5–6). The Supreme Court has specifically held that claims regarding the denial of a FAPE must be addressed under the IDEA even when the claim is brought under other statutes such as the ADA or Section 504. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017). The order dated July 1 found that plaintiff's claim for relief from AUSD's failure to find a suitable alternative placement amounted to a denial of a FAPE, which would be subject to IDEA exhaustion (Dkt. No. 58 at 11). Plaintiff's framing of the claim as one under another statute does not allow him to circumvent the exhaustion requirement.

Specifically, plaintiff cites the California Education Code Section 56501(a)(2), which states that the OAH's jurisdiction is limited to, *inter alia*, considering "a refusal to initiate or change the . . . educational placement of the child." Section 56501(a)(2) does not support plaintiff's argument. Plaintiff alleges that AUSD failed to change his educational placement

5

(Dkt. No. 62, Exh. 1 ¶ 89). Under Section 56501(a)(2), the OAH clearly had jurisdiction to address this claim.

This order notes that plaintiff's Section 504 and ADA claims against AUSD under a theory of *respondeat superior* have not been dismissed. The order dated July 1 found that the actions of McBride and Andrews plausibly fell outside the realm of education, in which case the claim was not subject to IDEA exhaustion and thus properly brought under the ADA and Section 504. Under the theory of *respondeat superior*, AUSD may still be held liable (Dkt. No. 58 at 12–13).

*Third*, plaintiff argues that "[e]xhaustion of administrative remedies when a plaintiff is challenging only a failure to implement an IEP would prove fruitless" (Dkt. No. 69 at 6). The individualized education program ("IEP"), "serves as the vehicle or means of providing a FAPE." *Fry*, 137 S. Ct. at 753 (internal quotation marks omitted). And, the IDEA's "exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a FAPE." *Id.* at 757. Plaintiff's argument holds no weight because a plaintiff's challenge to a failure to implement an IEP is precisely the type of claim for which the IDEA requires administrative exhaustion. *Id.* at 754.

Since the amendment would be subject to dismissal and is thus futile, plaintiff's motion for leave to allege IDEA exhaustion is **DENIED** (Dkt. No. 62, Exh. 1 ¶ 27).

Catapult does not oppose plaintiff's request to add it as a defendant to his Section 504 claim (Dkt. Nos. 67; 62, Exh. 1 ¶¶ 98–108). That request is **GRANTED**.

Plaintiff's request to add details regarding the contract between AUSD and Catapult is not opposed (Dkt. No. 62, Exh. 1 ¶¶ 5–6). That request is **GRANTED**.

Diaz, Moore, and Catapult do not oppose plaintiff's inclusion of them in the Section 1983 claim (Dkt. Nos. 67; 62, Exh. 1 ¶¶ 74–76). That request is **GRANTED**.

The state law claims will continue to be **HELD IN ABEYANCE** on the assumption that defendants will bring a motion for summary judgment with respect to all federal claims. If that motion is denied, it will be necessary to address the state law claims. If that motion is granted, the case will be remitted to state court. Defendants shall have until **NOON ON SEPTEMBER 26,**

**2019**, to file their summary-judgment motion. After the motion is filed, plaintiff shall have until **NOON ON NOVEMBER 7, 2019**, to conduct discovery in order to meet the issues raised by the motion. Defendants shall respond by **NOON ON NOVEMBER 21, 2019**. The hearing shall be set for **DECEMBER 5, 2019, AT 8:00 AM**.

**IT IS SO ORDERED.**

Dated: August 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE