LOUIS A. LEONE, ESQ. (SBN: 099874)
BRIAN A. DUUS, ESQ.  (SBN: 263403)
SETH L. GORDON, ESQ (SBN: 262653)
Leone & Alberts
A Professional Corporation
1390 Willow Pass Rd., Suite 700
Concord, CA  94520
Telephone: (925) 974-8600
Facsimile:  (925) 974-8601
Email: lleone@leonealberts.com
        bduus@leonealberts.com

Attorneys for Defendants
ANTIOCH UNIFIED SCHOOL DISTRICT,
STEVE NOSANCHUK, RUTH RUBALCAVA, and
STEPHANIE ANELLO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.H., a minor, by and through his *Guardian ad Litem* MARTARICE HUMPHREY,<br><br>              Plaintiff,<br><br>      v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, a public entity; CATAPULT LEARNING WEST, LLC, a limited liability company dba Sierra School of Antioch; SAMUEL MCBRIDE, an individual; JONIQUE ANDREWS, an individual; STEVE NOSANCHUK, an individual; BRUNO DIAZ, an individual; CORY MOORE, an individual; RUTH RUBALCAVA, an individual; STEPHANIE ANELLO, an individual; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 3:18-cv-07716-EDL<br><br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS ANTIOCH UNIFIED SCHOOL DISTRICT, STEVE NOSANCHUK, RUTH RUBALCAVA, AND STEPHANIE ANELLO**<br><br><br><br>SAC filed: December 26, 2018 |

1

Defendants ANTIOCH UNIFIED SCHOOL DISTRICT, STEVE NOSANCHUK, RUTH RUBALCAVA, and STEPHANIE ANELLO (collectively the "District Defendants") hereby submit this Answer to the Second Amended Complaint filed by Plaintiff K.H., a minor, by and through his Guardian ad Litem MARTARICE HUMPHREY as follows:

**THE PARTIES**

1.      Answering paragraph 1, the District Defendants admit that K.H. was a minor at the time of the commencement of this action and that Plaintiff has filed an application for appointment of guardian ad litem.

2.      Answering paragraph 2, the District Defendants admit that K.H. was a special education student within the jurisdiction of the Antioch Unified School District at the time of the incident giving rise to this action. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

3.      Answering paragraph 3, the District Defendants admit that AUSD is a public entity within the meaning of the California Government Code and that the District receives federal funding. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

4.      Answering paragraph 4, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

5.      Answering paragraph 5, the District Defendants admit only that the Individualized Education Program placed K.H., and placed him in an AUSD special day class in which Sierra School provided services. With respect to the remaining allegations concerning the enactment and purpose of the Individuals with Disabilities Education Act, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

6.     Answering paragraph 6, the District Defendants admit that AUSD was in contract with Specialized Education Services of California, Inc. doing business as Sierra School at Antioch. The District Defendants further admit that, at the time of the incident in this case, Sierra School staff was comprised of employees of both the District and Sierra and that Sierra School was located within a District facility. The District Defendants further admit that the contract with Specialized Education Services of California, Inc. specified that Sierra School was obligated to provide services specified in a student's Individualized Education Plan and that Sierra School shall comply with all applicable federal, state, and local statutes, laws, ordinances, rules, policies, and regulations; however, Sierra School was not under contract to provide specialized academic instruction in K.H.'s classroom. The District Defendants further admit that the contract required Sierra School to follow personnel standards and qualifications regarding instructional staff pursuant to Federal requirements and the California Education Code. The District Defendants further admit that the contract required Sierra School instructional staff to be training on emergency interventions. The District Defendants further admit that the language appearing at page 4 lines 20-28 and page 5 line 1 of the Second Amended Complaint appear in the contract between AUSD and Specialized Education Services of California, Inc. The District Defendants further admit that the contract specifies that Sierra School staff shall not utilize interventions likely to cause physical pain or designed or likely to subject a student to verbal abuse, ridicule, or humiliation. The District Defendants further admit that the contract provides that Sierra School staff shall not use restrictive interventions that simultaneously immobilize all four extremities, including the procedure known as prone containment, except that prone containment or similar techniques may be used as a short term emergency intervention. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

///

///

7.      Answering paragraph 7, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

8.      Answering paragraph 8, the District Defendants deny that Samuel McBride was an employee of AUSD at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

9.      Answering paragraph 9, the District Defendants deny that Jonique Andrews was employed by AUSD at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

10.     Answering paragraph 10, the District Defendants admit that Steve Nosanchuk was employed by AUSD at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

11.     Answering paragraph 11, the District Defendants admit that Bruno Diaz was the Director of Sierra School, but deny that Bruno Diaz was employed by AUSD. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

12.     Answering paragraph 12, the District Defendants deny that Cory Moore was employed by AUSD at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

3

13.     Answering paragraph 13, the District Defendants admit that Ruth Rubalcava was employed by AUSD as the Director of Special Education at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

14.     Answering paragraph 14, the District Defendants admit that Stephanie Anello was employed as the Superintendent of AUSD at the time of the incident giving rise to this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

15.     Answering paragraph 15, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

16.     Answering paragraph 16, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

17.     Answering paragraph 17, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

18.     Answering paragraph 18, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

19.     Answering paragraph 19, the District Defendants deny that AUSD, Ruth Rubalcava, Stephanie Anello, and Steve Nosenchuk are legally responsible in any manner for the occurrences alleged or in any way caused the alleged injury in this case. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

20.     Answering paragraph 20, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

## JURISDICTION AND VENUE

21.     Answering paragraph 21, the District Defendants admit the allegations in this paragraph.

22.     Answering paragraph 22, the District Defendants admit the allegations in this paragraph.

23.     Answering paragraph 23, the District Defendants deny the allegations in this paragraph.

## COMPLIANCE WITH GOVERNMENT CLAIMS ACT FILING PREREQUISITES

24.     Answering paragraph 24, the District Defendants admit that Plaintiff presented a written government claim to AUSD on June 8, 2018. The District Defendants deny that they in any way injured or caused Plaintiff to suffer damages.

25.     Answering paragraph 25, the District Defendants admit the allegations in this paragraph.

26.     Answering paragraph 26, the District Defendants admit that this action was timely filed as to those state claims that are fairly represented in the government claim. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

## FACTS COMMON TO ALL COUNTS

27.     Answering paragraph 27, the District Defendants admit the allegations in this paragraph.

28.     Answering paragraph 28, the District Defendants admit that Plaintiff was placed in Sierra School by AUSD as a special education student. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or

///

5

information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

**Plaintiff Was Seriously Injured When Staff Slammed Him To The Ground In Response To Disability-Related Behaviors**

29.     Answering paragraph 29, the District Defendants admit that AUSD developed a Behavior Intervention Plan and Individualized Education Program to address Plaintiff's needs. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

30.     Answering paragraph 30, the District Defendants deny that Plaintiff was permitted to remove himself from the classroom. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

31.     Answering paragraph 31, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

32.     Answering paragraph 32, the District Defendants admit that, on December 12, 2017, Defendant McBride saw Plaintiff outside his classroom. The District Defendants otherwise deny the allegations in this paragraph.

33.     Answering paragraph 33, the District Defendants deny the allegations in this paragraph.

34.     Answering paragraph 34, the District Defendants admit that, once Plaintiff was taken back into the classroom, he was released by Defendants McBride and Andrews. The District Defendants otherwise deny the allegations in this paragraph.

35.     Answering paragraph 35, the District Defendants deny the allegations in this paragraph.

36.     Answering paragraph 36, the District Defendants deny the allegations in this paragraph.

6

**Defendants Dismissed The Severity Of Their Conduct And Failed To Report The Incident As They Were Legally Required To Do**

37.     Answering paragraph 37, the District Defendants admit that Plaintiff's father picked Plaintiff up from school around 2:30 p.m. and that Plaintiff's father spoke with Defendant Nosanchuk. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

38.     Answering paragraph 38, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

39.     Answering paragraph 39, the District Defendants admit that Plaintiff's parents filed a Request for Assistance with AUSD on December 12, 2017. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

40.     Answering paragraph 40, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

**Plaintiff Was Taken To The Hospital For Medical Treatment After Continuing To Feel Pain Into The Following Day**

41.     Answering paragraph 41, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

42.     Answering paragraph 42, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

///

///

7

43.     Answering paragraph 43, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

**Plaintiff's Parents Reasonably Requested That He Be Placed At Another School Because Plaintiff Was Emotionally Traumatized By The Assault And Terrified Of Returning To Sierra School**

44.     Answering paragraph 44, the District Defendants deny that Plaintiff was assaulted. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

45.     Answering paragraph 45, the District Defendants admit that Plaintiff's parents requested an alternative placement for Plaintiff. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

46.     Answering paragraph 46, the District Defendants deny the allegations in this paragraph.

47.     Answering paragraph 47, the District Defendants admit that Plaintiff's parents submitted to AUSD a second Request for Assistance. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

48.     Answering paragraph 48, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

49.     Answering paragraph 49, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

8

**Defendants "Investigation" Lacked A Clearly Defined Scope And Was Biased Against Plaintiff Because Of His Disability**

50.     Answering paragraph 50, the District Defendants admit that AUSD retained the services of a law firm to investigate Plaintiff's parents' allegations. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

51.     Answering paragraph 51, the District Defendants admit that the investigation revealed that no assault had taken place. The District Defendants otherwise deny the allegations in this paragraph.

52.     Answering paragraph 52, the District Defendants deny the allegations in this paragraph.

53.     Answering paragraph 53, the District Defendants admit that, in February 2018, AUSD sent Plaintiff's parents the findings of the investigation concerning the incident and that, because no inappropriate action had taken place that no corrective action was required at that time. The District Defendants otherwise deny the allegations contained in this paragraph.

**Defendants Continue To Deny Plaintiff Access To Free And Equal Educational [sic], Have Retaliated Against Plaintiff And Attempted To Interfere With His Civil Rights In Order To Be Released From Liability Resulting From The Assault**

54.     Answering paragraph 54, the District Defendants admit that a truancy letter was sent to Plaintiff's parents. The District Defendants otherwise deny the allegations in this paragraph.

55.     Answering paragraph 55, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

56.     Answering paragraph 56, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

57.     Answering paragraph 57, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

58.     Answering paragraph 58, the District Defendants deny the allegations in this paragraph.

59.     Answering paragraph 59, the District Defendants deny the allegations in this paragraph.

**FIRST CAUSE OF ACTION**
**Violation of Constitutional Rights, 42 U.S.C. section 1983**
**(Against Defendants CATAPULT, MCBRIDE, ANDREWS, DIAZ, MOORE, and DOES 1 through 50)**

60.     Answering paragraph 60, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

61.     Answering paragraph 61, the District Defendants deny the allegations in this paragraph.

62.     Answering paragraph 62, the District Defendants admit that Plaintiff has rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. With respect to the remaining allegations in this paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

63.     Answering paragraph 63, the District Defendants deny the allegations in this paragraph.

64.     Answering paragraph 64, the District Defendants deny the allegations in this paragraph.

///

10

65.     Answering paragraph 65, the District Defendants deny the allegations in this paragraph.

## Supervisory Liability – School Officials & CATAPULT

66.     Answering paragraph 66, the District Defendants deny the allegations in this paragraph.

67.     Answering paragraph 67, the District Defendants deny the allegations in this paragraph.

68.     Answering paragraph 68, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

69.     Answering paragraph 69, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

70.     Answering paragraph 70, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

71.     Answering paragraph 71, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

72.     Answering paragraph 72, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

73.     Answering paragraph 73, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

74.     Answering paragraph 74, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

75.    Answering paragraph 75, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

76.    Answering paragraph 76, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

77.    Answering paragraph 77, the District Defendants deny the allegations in this paragraph.

78.    Answering paragraph 78, the District Defendants deny the allegations in this paragraph.

79.    Answering paragraph 79, the District Defendants deny the allegations in this paragraph.

80.    Answering paragraph 80, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

81.    Answering paragraph 81, the District Defendants deny the allegations in this paragraph.

**SECOND CAUSE OF ACTION**
**Discrimination in Violation of the Americans with Disabilities Act, U.S.C. section 12131, et seq.**
**(Against Defendant AUSD)**

82.    Answering paragraph 82, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

83.    Answering paragraph 83, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

///

///

84.     Answering paragraph 84, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

85.     Answering paragraph 85, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

86.     Answering paragraph 86, the District Defendants admit the legal proposition in this paragraph.

87.     Answering paragraph 87, the District Defendants admit the allegations in this paragraph.

88.     Answering paragraph 88, the District Defendants deny the allegations in this paragraph.

89.     Answering paragraph 89, the District Defendants deny the allegations in this paragraph.

90.     Answering paragraph 90, the District Defendants deny the allegations in this paragraph.

91.     Answering paragraph 91, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

92.     Answering paragraph 92, the District Defendants deny the allegations in this paragraph.

93.     Answering paragraph 93, the District Defendants deny the allegations in this paragraph.

94.     Answering paragraph 94, the District Defendants deny the allegations in this paragraph.

95.     Answering paragraph 95, the District Defendants deny the allegations in this paragraph.

///

96.     Answering paragraph 96, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of the Rehabilitation Act of 1973, 29 U.S.C. section 794**
**(Against Defendants AUSD and CATAPULT)**

97.     Answering paragraph 97, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

98.     Answering paragraph 98, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

99.     Answering paragraph 99, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

100.    Answering paragraph 100, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

101.    Answering paragraph 101, the District Defendants deny the allegations in this paragraph.

102.    Answering paragraph 102, the District Defendants deny the allegations in this paragraph.

103.    Answering paragraph 103, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

104.    Answering paragraph 104, the District Defendants deny the allegations in this paragraph.

///

///

105. Answering paragraph 105, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

106. Answering paragraph 106, the District Defendants deny the allegations in this paragraph.

107. Answering paragraph 107, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

## FOURTH CAUSE OF ACTION
### Count One: Negligence
### (Against AUSD, ANDREWS, ANELLO, DIAZ, MCBRIDE, MOORE, NOSANCHUK, RUBALCAVA and DOES 11 through 21)

108. Answering paragraph 108, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

109. Answering paragraph 109, the District Defendants the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

110. Answering paragraph 110, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

111. Answering paragraph 111, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

112. Answering paragraph 112, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny each and every sub-paragraph in paragraph 112.

///

///

113.    Answering paragraph 113, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

114.    Answering paragraph 114, the District Defendants deny the legal conclusion set forth in the paragraph.

115.    Answering paragraph 115, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

116.    Answering paragraph 116, the District Defendants deny the allegations in this paragraph.

117.    Answering paragraph 117, the District Defendants deny the allegations in this paragraph.

118.    Answering paragraph 118, the District Defendants deny the allegations in this paragraph.

119.    Answering paragraph 119, the District Defendants deny the allegations in this paragraph.

## Count Two: Negligence

**(Against CATAPULT, ANDREWS, ANELLO, DIAZ, MCBRIDE, MOORE, NOSANCHUK, RUBALCAVA, and DOES 22 through 32)**

120.    Answering paragraph 120, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

121.    Answering paragraph 121, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

122.    Answering paragraph 122, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

123.   Answering paragraph 123, the District Defendants deny the allegations in this paragraph.

124.   Answering paragraph 124, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

125.   Answering paragraph 125, the District Defendants deny the allegations in this paragraph.

126.   Answering paragraph 126, the District Defendants deny the allegations in this paragraph.

127.   Answering paragraph 127, the District Defendants deny the allegations in this paragraph.

128.   Answering paragraph 128, the District Defendants deny the allegations in this paragraph.

**FIFTH CAUSE OF ACTION**
**Count One: Negligent Hiring, Supervision, or Retention of Employee**
**(Against Defendant AUSD)**

129.   Answering paragraph 129, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

130.   Answering paragraph 130, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

131.   Answering paragraph 131, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

132.   Answering paragraph 132, the District Defendants deny the allegations in this paragraph.

133.   Answering paragraph 133, the District Defendants deny the allegations in this paragraph.

17

134.    Answering paragraph 134, the District Defendants deny the allegations in this paragraph, including each and every sub-paragraph contained in paragraph 134.

135.    Answering paragraph 135, the District Defendants deny the allegations in this paragraph.

136.    Answering paragraph 136, the District Defendants deny the allegations in this paragraph.

137.    Answering paragraph 137, the District Defendants deny the allegations in this paragraph.

## Count Two: Negligent Hiring, Supervision, or Retention of Employee
## (Against Defendant CATAPULT)

138.    Answering paragraph 138, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

139.    Answering paragraph 139, the District Defendants deny the allegations in this paragraph.

140.    Answering paragraph 140, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

141.    Answering paragraph 141, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

142.    Answering paragraph 142, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

143.    Answering paragraph 143, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

144.    Answering paragraph 144, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

145.    Answering paragraph 145, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

146.    Answering paragraph 146, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

147.    Answering paragraph 147, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

### SIXTH CAUSE OF ACTION
**Battery**
**(Against Defendants CATAPULT, ANDREWS, MCBRIDE and DOES 1 through 10)**

148.    Answering paragraph 148, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

149.    Answering paragraph 149, the District Defendants deny the allegations in this paragraph.

150.    Answering paragraph 150, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

151.    Answering paragraph 151, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

152.    Answering paragraph 152, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

19

153.   Answering paragraph 153, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

154.   Answering paragraph 154, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

155.   Answering paragraph 155, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

156.   Answering paragraph 156, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

157.   Answering paragraph 157, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

## SEVENTH CAUSE OF ACTION
### Discrimination in Violation of the Unruh Civil Rights Act, Civil Code section 51 (Against AUSD, CATAPULT, and DOES 1 through 10)

158.   Answering paragraph 158, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

159.   Answering paragraph 159, the District Defendants deny the allegations in this paragraph.

160.   Answering paragraph 160, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

161.   Answering paragraph 161, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

162.    Answering paragraph 162, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

163.    Answering paragraph 163, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

164.    Answering paragraph 164, the District Defendants deny that AUSD is a "business establishment" within the meaning of California Civil Code section 51. With respect to the remaining allegations in the paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

165.    Answering paragraph 165, the District Defendants deny the allegations in this paragraph.

166.    Answering paragraph 166, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

167.    Answering paragraph 167, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

168.    Answering paragraph 168, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

169.    Answering paragraph 169, the District Defendants deny the allegations in this paragraph.

170.    Answering paragraph 170, the District Defendants deny the allegations in this paragraph.

171.    Answering paragraph 171, the District Defendants deny the allegations in this paragraph.

172.   Answering paragraph 172, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

## EIGHTH CAUSE OF ACTION
### Discrimination in Violation of California Education Code Section 200 et seq.
### (Against Defendants AUSD, CATAPULT, and DOES 1 through 10)

173.   Answering paragraph 173, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs. The District Defendants admit that the quoted language from Education Code section 220 is accurate.

174.   Answering paragraph 174, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

175.   Answering paragraph 175, the District Defendants deny the allegations in this paragraph.

176.   Answering paragraph 176, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

177.   Answering paragraph 177, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

178.   Answering paragraph 178, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

179.   Answering paragraph 179, the District Defendants deny the allegations in this paragraph.

180.   Answering paragraph 180, the District Defendants deny the allegations in this paragraph.

///

## NINTH CAUSE OF ACTION
### Violation of Mandatory Reporting Duty, California Penal Code section 11166
### (Against All Defendants and DOES 1 through 50)

181.    Answering paragraph 181, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

182.    Answering paragraph 182, the District Defendants admit that the states of law contained in this paragraph are accurate.

183.    Answering paragraph 183, the District Defendants admit the reporting duty imposed on school employees by Penal Code section 11166, but deny that Andrews and McBride assaulted Plaintiff. With regard to the remaining allegations in the paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

184.    Answering paragraph 184, the District Defendants admit that defendants Anello, Nosanchuk, and Rubalcava were mandated reporters. With regard to the remaining allegations in the paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

185.    Answering paragraph 185, the District Defendants deny the allegations in this paragraph.

186.    Answering paragraph 186, the District Defendants admit that Plaintiff was a member of the class of persons for whom California's mandatory reporting law was designed to protect. The District Defendants otherwise deny the allegations in this paragraph.

187.    Answering paragraph 187, the District Defendants deny the allegations in this paragraph.

188.    Answering paragraph 188, the District Defendants deny the allegations in this paragraph.

///

189.    Answering paragraph 189, the District Defendants deny the allegations in this paragraph.

190.    Answering paragraph 190, the District Defendants deny the allegations in this paragraph.

## TENTH CAUSE OF ACTION
### Discrimination in Violation of Bane Act, Civil Code Section 52.1
### (Against Defendants AUSD, CATAPULT, ANDREWS and MCBRIDE)

191.    Answering paragraph 191, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

192.    Answering paragraph 192, the District Defendants admit that Plaintiff's statement of law is generally correct.

193.    Answering paragraph 193, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

194.    Answering paragraph 194, the District Defendants deny the allegations in this paragraph.

195.    Answering paragraph 195, the District Defendants deny the allegations in this paragraph.

196.    Answering paragraph 196, the District Defendants deny that they are vicariously liable for the actions of Andrews and McBride. With regard to the other allegations in the paragraph, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

197.    Answering paragraph 197, the District Defendants deny the allegations in this paragraph.

198.    Answering paragraph 198, the District Defendants deny the allegations in this paragraph.

///

24

199.    Answering paragraph 199, the District Defendants deny the allegations in this paragraph.

200.    Answering paragraph 200, the District Defendants deny the allegations in this paragraph.

201.    Answering paragraph 201, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

### ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Non-Public Entity Defendants and DOES 1 through 50)

202.    Answering paragraph 202, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

203.    Answering paragraph 203, the District Defendants deny the allegations in this paragraph.

204.    Answering paragraph 204, the District Defendants deny the allegations in this paragraph.

205.    Answering paragraph 205, the District Defendants deny the allegations in this paragraph.

206.    Answering paragraph 206, the District Defendants deny the allegations in this paragraph.

207.    Answering paragraph 207, the District Defendants deny the allegations in this paragraph.

208.    Answering paragraph 208, the District Defendants deny the allegations in this paragraph.

209.    Answering paragraph 209, the District Defendants deny the allegations in this paragraph.

210.    Answering paragraph 210, the District Defendants deny the allegations in this paragraph.

211.   Answering paragraph 211, the District Defendants deny the allegations in this paragraph.

212.   Answering paragraph 212, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

213.   Answering paragraph 213, the District Defendants deny the allegations in this paragraph.

214.   Answering paragraph 214, the District Defendants deny the allegations in this paragraph.

215.   Answering paragraph 215, the District Defendants deny the allegations in this paragraph.

## TWELFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
**(Against All Non-Public Entity Defendants and DOES 1 through 50)**

216.   Answering paragraph 216, which incorporates by reference and re-alleges the prior paragraphs in the Second Amended Complaint, the District Defendants incorporate by reference its responses to the prior paragraphs.

217.   Answering paragraph 217, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

218.   Answering paragraph 218, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

219.   Answering paragraph 219, the District Defendants admit that the statement in the paragraph accurately reflects the law.

220.   Answering paragraph 220, the District Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

///

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS          Case No. 3:18-cv-07716-WHA
ANTIOCH UNIFIED SCHOOL DISTRICT, STEVE NOSANCHUCK,
RUTH RUBALCAVA, AND STEPHANIE ANELLO

221.   Answering paragraph 221, the District Defendants deny the allegations in this paragraph.

222.   Answering paragraph 222, the District Defendants deny the allegations in this paragraph.

223.   Answering paragraph 223, the District Defendants deny the allegations in this paragraph.

### ANSWER TO PRAYER FOR RELIEF

Answering the Prayer for Relief, the District Defendants deny that Plaintiff is entitled to damages, interest, attorneys' fees, costs, declaratory judgments, or any other relief in this matter.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim)

AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff's Complaint fails to state a cause of action against said Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Remedies Under the IDEA)

AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Plaintiff failed to exhaust the necessary administrative remedies prior to instituting this lawsuit under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(l).

### THIRD AFFIRMATIVE DEFENSE

#### (Liability of Other Defendants)

AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that, if Plaintiff suffered any damages, such damages are proximately or legally caused by the misconduct, negligence, or fault of parties other than these answering Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that any damages allegedly sustained by Plaintiff, if any, were either wholly, or in part, negligently caused by persons, firms, corporations or entities other than these answering Defendants, and said negligence comparatively reduces the percentage of negligence, if any, by these answering Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

(Liability of Others)

AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that certain persons and entities not presently named in this action as Plaintiffs or Defendants may have been careless and negligent and/or intentional in and about matters alleged in the Complaint and that the carelessness and negligence and/or intentional conduct on the part of said persons and entities proximately contributed to the happening of the incidents and to Plaintiff's injuries, and to Plaintiffs' losses and damages complained of, if any there were.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff was bound to exercise reasonable care and diligence to avoid loss and minimize damages, if any there were, and that Plaintiff may not recover for losses which could have been prevented by reasonable efforts on their part or expenditures that they might reasonably have made.

**SEVENTH AFFIRMATIVE DEFENSE**

(Exceeding Scope of Claim)

AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff's action is barred to the

extent that the claims in the Complaint are different from and in excess of what was claimed in the Tort Claim presented to Defendant AUSD pursuant to Government Code Section 910.

### EIGHTH AFFIRMATIVE DEFENSE

(Government Code Immunities)

AS AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that they are immune from the allegations contained in the Complaint and from the causes of actions contained therein because they are subject to discretionary immunity and other immunities contained within the California Government Code including, but not limited to, Sections 815, 815.2, 815.4, 815.6, 818.8, 820.2, 820.4, 820.8, 822.2 and 822.8 and, by virtue of Government Code Section 900 et seq., all applicable immunities set forth in the California Education Code.

### NINTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that they are immune from the allegations contained in the Complaint based on qualified immunity available under federal law.

### TENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that, by conduct, representations, and omissions, Plaintiff have waived, relinquished, or abandoned, or are equitably estopped to assert, any claim for relief against these answering Defendants respecting the matters that are the subject of the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Indemnification)

AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

29

THE COMPLAINT, should Plaintiff recover damages from these answering Defendants, these Defendants are entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any there are.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Right to Amend)

AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that the Complaint is couched in conclusory terms and, therefore, these Defendants cannot fully anticipate all defenses that may apply to this action. Defendants reserve their right to assert additional affirmative defenses in the event investigation and discovery indicates that they would be appropriate.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims in this case.

### PRAYER

**WHEREFORE**, these answering Defendants pray the Plaintiff take nothing by his Complaint and that these answering Defendants be dismissed hence with attorneys fees, with their costs of suit incurred herein and for such other and further relief as the court deems fits and proper.

Dated:  September 27, 2019

**LEONE & ALBERTS**

LOUIS A. LEONE, ESQ.
BRIAN A. DUUS, ESQ.
SETH L. GORDON, ESQ.
CESAR A. ALVARADO, ESQ.
Attorneys for the District Defendants

30