UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.H., a minor, by and through his Guardian ad Litem MARTARICE HUMPHREY,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, a public entity; CATAPULT LEARNING WEST, LLC, a limited liability company dba Sierra School of Antioch; SAMUEL MCBRIDE, an individual; JONIQUE ANDREWS, an individual; BRUNO DIAZ, an individual; CORY MOORE, an individual; RUTH RUBALCAVA, an individual; STEPHANIE ANELLO, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C 18-07716 WHA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** |

In this action for the mistreatment of a student, the undersigned ordered defendant Catapult Learning West, LLC to submit two charts illuminating the corporate structure of TVG-Catapult Holdings (Dkt. Nos. 121, 125). Catapult submitted these charts and moved to seal them, claiming attorney-client privilege (Dkt. No. 134).

Prior orders set out the facts of this case (Dkt. No. 58). In brief, plaintiff is a child with a learning disability. AUSD placed him in a special education program at the Sierra School, operated by defendant Catapult Learning West, LLC. On December 12, 2017, plaintiff left his

classroom, with teacher permission. Finding plaintiff out of class, teacher aides Jonique Andrews and Samuel McBride allegedly grabbed plaintiff and dragged him back into the classroom. In forcing the 14-year-old back into his seat they held his hands behind his back, held him by the back of his neck, slammed him into the floor (hitting his head on a desk in the process), and placed him in a two-person pro-act prone restraint, or so it is alleged. Plaintiff left with a gash under his eye, a split lip, and bleeding gums (Dkt. Nos. 58 at 1–2, 74 at 3).

Plaintiff filed his first amended complaint alleging a host of federal and state claims against the teacher-aids, other supervisory employees, AUSD, and the limited liability company believed to own the school and employ some of the individual defendants, Catapult Learning West, LLC. Whether Catapult Learning West was correctly identified, however, is an open question.

The difficulty stems from the complex corporate structure of Catapult Learning, Inc., the parent company of Catapult Learning West, LLC. Catapult Learning, Inc. — renamed in August 2019 as "FB Topco, Inc.," though still referred to generally as "Catapult Learning" — provides K–12 instructional services to public and private schools in the United States. In 2015, it merged with Specialized Education Services, Inc. The merged company operates three separate groups or "silos" of businesses. One group includes a line of companies that culminates with Catapult Learning West, the named defendant in this suit. Another group includes a line of companies that culminates with Specialized Education of California, Inc., the newly alleged owner of Sierra School of Antioch. Some of these companies have assets while others seem to be mere shells. Though both groups operate under the parent company Catapult Learning, counsel for Catapult Learning West alleges the groups are legally distinct.

In the course of plaintiff's preliminary research, several signs pointed to Catapult Learning as the owner or sponsor of Sierra School of Antioch: Sierra School of Antioch's website carried a large Catapult Learning logo, the website's URL even included the name Catapult Learning, and a California Secretary of State Statement of Information existed for Catapult Learning West. So plaintiff sued Catapult Learning. But, by mistake, plaintiff named

Catapult Learning *West* (a subsidiary) instead of Catapult Learning (the parent company). Considering the byzantine corporate structure, this mistake was understandable.

At the December 19 hearing, the court ordered Catapult to submit two charts illuminating its corporate structure as of the date of the incident and as of December 31, 2019 (Dkt. Nos. 121, 125). Our court of appeals declined to intervene (Dkt. No. 136) and on January 6, Catapult complied but sought to seal the two charts, this time claiming attorney-client privilege (Dkt. No. 134).

In no way are these charts attorney-client privileged. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice . . . as well as an attorney's advice in response to such disclosures." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Catapult's charts merely set forth a true (supposedly) representation of Catapult's corporate web. The charts neither ask for, nor include, legal advice. There is a strong public policy in favor of openness in our court system. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). These charts cannot be concealed from the public.

Even though our court of appeals has already ruled on this general issue, this order will stay itself for **7 DAYS** to give Catapult an opportunity to seek emergency appellate relief, if Catapult wishes to seek it. Absent the intervention of our court of appeals, the two charts (Dkt. No. 134-2) will be made public upon the expiration of this stay.

The motion to seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 21, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE